# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KEITH E. BROWN,<br>    Appellant, | DOCKET NUMBER<br>SF-0752-15-0761-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>    Agency. | DATE: December 29, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Keith E. Brown, Stockton, California, pro se.

Christine J. Kim, Esquire, Stockton, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision which upheld his removal based on two misconduct charges.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  We MODIFY the initial decision to analyze the appellant's claim of a due process violation, but we conclude that the agency did not violate his due process rights.  Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2　　The following facts, as set forth in the initial decision, are undisputed.  On November 17, 2012, the appellant, a police officer, was driving his personal vehicle and was pulled over by the California Highway Patrol.  Initial Appeal File (IAF), Tab 20, Initial Decision (ID) at 2.  As a result, he received a citation for various violations of the California Vehicle Code, and his vehicle was towed.  *Id.* Subsequently, the vehicle was claimed by an insurance company because it previously had been reported stolen.  *Id.*  A criminal complaint was filed against the appellant, charging him with unlawful driving or taking of a vehicle, receiving stolen property (motor vehicle), and ownership certificate or license forgery.  *Id.*

¶3　　The agency removed the appellant for off-duty misconduct stemming from the traffic stop, but the administrative judge reversed the removal on due process grounds.  ID at 3; *see Brown v. Department of Defense*, MSPB Docket No. SF-0752-14-0310-I-1, Initial Decision (Nov. 4, 2014).  The agency filed a

petition for review, but the Board found that the petition for review was untimely filed without a showing of good cause for the delay. ID at 3; *Brown v. Department of Defense*, MSPB Docket No. SF-0752-14-0310-I-1, Final Order (Feb. 25, 2015).

¶4    The agency subsequently removed the appellant based on charges of conduct unbecoming a Federal police officer (six specifications) and failure to provide accurate information when completing Office of Personnel Management Standard Form (SF) 86, Questionnaire for National Security Positions (3 specifications). ID at 3; IAF, Tab 4, Subtabs 4B, 4D. The appellant filed a Board appeal but did not request a hearing. ID at 4; IAF, Tabs 1, 6. In an initial decision, the administrative judge made the following findings: (1) the agency proved three of six specifications of the conduct unbecoming charge and the charge itself; (2) the agency proved only one specification of the failure to provide accurate information charge and the charge itself; (3) the appellant did not prove any of his affirmative defenses; (4) the agency proved a nexus between the charged conduct and the efficiency of the service; and (5) the removal penalty was reasonable. ID at 4-28. The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed two reply briefs. Petition for Review (PFR) File, Tabs 1, 3-5.[2]

---

[2] The appellant also has filed a Motion to Submit an Additional Pleading, in which he seeks to include affidavits that he obtained in a separate equal employment opportunity matter from the deciding official in the first removal action and the proposing official in this action. PFR File, Tab 6. The appellant contends that the affidavits show that these agency officials predetermined his removal. *Id.* at 2. The affidavit of the deciding official in the first removal action is not relevant absent any evidence that he improperly influenced the proposing or deciding officials in this matter. Even if the proposing official in this matter stated that he did not promote the appellant because he previously had proposed the appellant's removal, that, standing alone, would not warrant the conclusion that he was predetermined to remove the appellant. Therefore, we deny this request.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The appellant's petition for review challenges almost all of the administrative judge's findings and conclusions.[3] For the following reasons, we find that a different outcome is not warranted.

We affirm the administrative judge's decision to sustain both charges.

¶6    Regarding specification 1 (failure to maintain required vehicle paperwork) of the conduct unbecoming charge, the appellant contends that the agency is barred by "double jeopardy" from disciplining him for the same misconduct, he was not charged with a crime concerning this specification, and the agency's disciplinary rules do not apply to him before he became a Federal police officer. PFR File, Tab 1 at 9-10, 22-24, Tab 4 at 4-5. These arguments are unavailing.

¶7    The concept of "double jeopardy" does not apply to administrative actions. *Jinks v. Department of Veterans Affairs*, 106 M.S.P.R. 627, ¶ 12 (2007). Alternatively, we have considered whether the removal action constitutes improper double punishment. As a result of receiving a traffic citation during the November 17, 2012 traffic stop, the appellant was orally counseled by agency officials. *E.g.*, IAF, Tab 4, Subtab 4O at 11-14, 19-20. We do not consider any such oral counseling to be disciplinary in nature. IAF, Tab 4, Subtab 4T at 7-8 (stating in an agency instruction that an oral counseling is considered an informal disciplinary action). Moreover, we are not persuaded that the agency's decision to remove the appellant based on a sustained specification for which he may have been orally counseled in 2012 constitutes improper double punishment. *See Furman v. Department of the Treasury*, 21 M.S.P.R. 522, 526 (1984) (finding that no double punishment occurred when the appellant received a counseling memorandum and then was removed for the same incidents of misconduct

---

[3] The appellant does not challenge the administrative judge's determination that the agency did not prove specifications 2, 5, and 6 of the conduct unbecoming charge or specifications 1 and 2 of the failure to report accurate information charge. ID at 6-7, 10-15. We affirm these conclusions on review.

because a counseling memorandum is not an adverse action and does not carry a sanction or confer punishment).[4]

¶8 We also discern no error with the administrative judge's conclusion that the absence of a guilty plea to a charge involving failure to maintain vehicle paperwork does not mean that the agency did not prove this specification. ID at 5-6; *see Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (explaining that a charge of "conduct unbecoming" has no specific elements of proof; it is established by proving that the employee committed the acts alleged in support of the broad label); *see also Smith v. U.S. Postal Service*, 789 F.2d 1540, 1541 n.1 (Fed. Cir. 1986) (stating that dismissal of criminal charges does not weaken an agency's removal case).[5]

¶9 In addition, we are not persuaded by the appellant's assertion that he should not be disciplined for failing to maintain required vehicle paperwork because he was not a Federal police officer when he obtained the vehicle. PFR File, Tab 1 at 23-24. There is no dispute that he was a Federal police officer at the time of the traffic stop on November 17, 2012, which is the only relevant time frame discussed in this specification. For these reasons, we agree with the administrative judge that the agency proved specification 1 of the conduct unbecoming charge.

¶10 Regarding specification 3 (switching license plates), the appellant challenges the administrative judge's decision to find "inherently more probable" his initial statement to the agency investigator in which he admitted knowing that switching license plates was illegal. PFR File, Tab 1 at 24; ID at 7-9 (citing *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987)). The appellant had nearly 18 years of law enforcement experience at the time of the traffic stop.

---

[4] This argument is also unavailing as to specification 3 of the conduct unbecoming charge. PFR File, Tab 1 at 9-10.

[5] We likewise find this argument unavailing as to specification 4 of the conduct unbecoming charge. PFR File, Tab 1 at 22-24.

IAF, Tab 4, Subtab 4O at 19. Moreover, he conceded both below and on review that he switched license plates, and he pled no contest to a misdemeanor offense for displaying on his vehicle a license plate not issued to that vehicle, as described in California Vehicle Code 4462(b). IAF, Tab 4, Subtab 4N at 1-2, Tab 15 at 30; PFR File, Tab 1 at 24. We find that the administrative judge considered the relevant evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). We therefore sustain specification 3.

¶11      Regarding specification 4 (failure to register vehicle), the appellant contends that the administrative judge erred by crediting four unsworn statements from agency employees regarding their observations of him driving the vehicle in question prior to the traffic stop. PFR File, Tab 1 at 25; ID at 9-10. Although the administrative judge advised the parties that he was "likely to give more weight to sworn statements than to unsworn or hearsay statements," IAF, Tab 6 at 1, the appellant has not identified, and we are not aware of, any law, rule, regulation, or legal precedent that prohibits him from crediting these numerous and generally consistent statements. Therefore, we sustain specification 4.

¶12      Because we affirm the administrative judge's decision to sustain these three specifications, we also agree with his decision to sustain the conduct unbecoming charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (holding that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

¶13      Regarding specification 3 of the failure to provide accurate information charge, the appellant asserts that he did not intentionally omit information from

his SF-86 because he included the information in his Optional Form (OF) 306. PFR File, Tab 1 at 21, 26-27. This argument is unavailing because intent is not a relevant factor for consideration in a charge of failing to provide accurate information. *Butler v. Internal Revenue Service*, 86 M.S.P.R. 513, ¶ 7 (2000). We also are not persuaded by the appellant's contention that the Board's decision in *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100 (2014), warrants a different result. PFR File, Tab 5 at 3. Unlike the charge of failure to provide accurate information, *Boo* involved a charge of misrepresentation, which includes an element of intent to defraud for the employee's "own private material gain." *Boo*, 122 M.S.P.R. 100, ¶ 9 (citing *Leatherbury v. Department of the Army*, 524 F.3d 1293, 1300 (Fed. Cir. 2008)). Based on our decision to sustain specification 3, we also affirm the administrative judge's decision to sustain the failure to provide accurate information charge. *Burroughs*, 918 F.2d at 172.

¶14    We have considered the appellant's remaining arguments regarding the charges and specifications, but we are not persuaded that they warrant a different outcome.

We modify the initial decision to analyze the appellant's claim of a due process violation, but we conclude that the agency did not violate his due process rights.

¶15    The appellant asserts on review that the agency violated his due process rights by assigning a new deciding official, failing to provide a complete copy of his SF-86 and OF-306 forms, and taking "902 days" to effect the second removal action. PFR File, Tab 1 at 2-3, 5-6. Although the appellant appeared to raise a due process violation in his initial appeal paperwork, the administrative judge's order closing the record did not identify or include any discussion of this claim, and the administrative judge did not analyze it in the initial decision. IAF, Tabs 1, 5; ID. This was error. *See Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 10 (2010). We need not remand this claim, though, because we may resolve it on the undisputed record.

¶16    Procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and/or the deciding official considers new and material information. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). We find no such violation in this matter. Notably, the appellant has not persuasively explained how the agency's alleged delay in effecting the second removal action implicated his due process rights. He also offers no evidence to support his assertion that the new deciding official "was not a neutral decision maker" and functioned as a "rubber stamp" of the proposal notice. PFR File, Tab 1 at 2.

¶17    The appellant contends on review that he was "unable to review all of the material/evidence relied upon" by the agency regarding each of the specifications of the failure to provide accurate information charge because the agency failed to provide all of his SF-86 and OF-306 forms. *Id.* at 3. Because the administrative judge found that the agency did not prove specifications 1 and 2 of this charge, we construe this argument as relating to specification 3 only.

¶18    The narrative describing specification 3 identified question 12 and the corresponding answer from the appellant's OF-306, and section 13 and the corresponding answer from his SF-86. IAF, Tab 4, Subtab 4H at 4. These portions of the SF-86 and OF-306 are in the record. IAF, Tab 4, Subtab 4P at 6-10. The appellant has not persuaded us that any other portions of the SF-86 or OF-306 were relevant to this claim or were otherwise considered by the deciding official. Accordingly, we find that the appellant did not prove that the agency violated his due process rights.

We affirm the administrative judge's conclusion that the appellant did not prove his claims of harmful procedural error, race discrimination, and age discrimination.

¶19    Although somewhat unclear, we have construed the appellant's petition for review to include a claim of harmful procedural error involving the following agency actions: (1) initiating removal proceedings with new and different

charges; (2) delaying the second removal action; (3) failing to conduct an independent agency investigation; (4) failing to provide all of the materials relied upon; (5) designating a new deciding official; and (6) improperly possessing the OF-306 and SF-86 for over 3 years. *E.g.*, PFR File, Tab 1 at 2, 6-7, 16-22.

¶20     Harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only when the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991). The appellant bears the burden of proving harmful procedural error by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C).

¶21     Some of the aforementioned agency actions do not even constitute error, let alone harmful procedural error. For instance, the Board has held that an agency commits procedural error when it replaces a properly authorized deciding official who already has considered an employee's reply to a proposed adverse action and arrived at a decision. *Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 9 (2005) (citing *Cheney v. Department of Justice*, 720 F.2d 1280, 1281, 1285 (Fed. Cir. 1983)). Here, however, the appellant was informed of the identity of the new deciding official before he submitted his oral and written replies to the proposed removal. IAF, Tab 4, Subtabs 4D-4F, Tab 12 at 10-13. Moreover, we agree with the administrative judge's finding that the agency did not commit error when it decided to remove the appellant based on new and different charges, when it purportedly delayed in initiating the second removal action, or when it did not conduct an independent investigation. ID at 16-19. Even if we assumed for the purposes of our analysis that any of the foregoing constituted error, the appellant has not met his burden to show how they would likely have caused the agency to reach a different conclusion.

¶22     Regarding the appellant's contention that the administrative judge misstated and omitted facts concerning a certain comparator in his race and age

discrimination claims, PFR File, Tab 1 at 20-21, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision, *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Even if the comparator and the appellant worked for the same supervisor and the same deciding official was involved in the respective actions, IAF, Tab 17 at 5-6, we find that the comparator was not similarly situated to him. Significantly, the comparator was administratively charged with only a single incident of conduct unbecoming (involving his attempt to obtain information about his own motorcycle through the California Law Enforcement Telecommunication System),[6] whereas we have affirmed the administrative judge's decision to sustain three specifications of conduct unbecoming and one specification of failure to provide accurate information. *See, e.g.*, *Godesky v. Department of Health & Human Services*, 101 M.S.P.R. 280, ¶ 12 (2006) (explaining, among other things, that an appellant must show that he and the comparison employees engaged in similar misconduct without differentiating or mitigating circumstances that would distinguish their misconduct or the appropriate discipline for it). We therefore agree with the administrative judge that the appellant did not prove his claims of race or age discrimination.

We affirm the administrative judge's conclusion that the removal penalty was reasonable.

¶23    When all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996). The administrative judge identified the proper analytical standard in

---

[6] The agency proposed to suspend the comparator for 14 days. IAF, Tab 12 at 22-24. The record in this matter does not include a decision letter on the proposed suspension, but the appellant reported that the agency issued him a letter of reprimand. IAF, Tab 17 at 3.

the initial decision and concluded that the deciding official considered the relevant penalty factors as described in *Douglas v Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). ID at 27-28. The appellant argues, among other things, that the administrative judge failed to analyze such *Douglas* factors as the consistency of the removal penalty with the penalty meted to other officers under similar circumstances, the effect of the offenses on his ability to perform at a satisfactory level, the notoriety of the offenses, his work record, the potential for rehabilitation, mitigating factors, and alternative sanctions. PFR File, Tab 1 at 10-14, 28-29. We have considered each of the appellant's arguments, but a different outcome is not warranted.

¶24    For instance, we are not persuaded by the appellant's contention that following the reversal of the first removal action, he was "unanimously rated [as] the best qualified applicant" for a Lead Police Officer position, which undercuts the deciding official's conclusion regarding several *Douglas* factors. PFR File, Tab 1 at 10-13, 46-49.[7] The opinions of other employees are insufficient to overcome the agency's judgment concerning the seriousness of the misconduct and the appropriateness of the agency-imposed penalty. *Edwards v. Department of the Army*, 87 M.S.P.R. 27, ¶ 9 (2000), *aff'd sub nom. Rodriquez v. Department of the Army*, 25 F. App'x 848 (Fed. Cir. 2001). The most important *Douglas* factor is the nature and seriousness of the misconduct, and both of the sustained charges are serious. *Boo*, 122 M.S.P.R. 100, ¶ 18; *see Butler*, 86 M.S.P.R. 513, ¶ 8; *Smith v. Department of the Navy*, 62 M.S.P.R. 616, 620 (1994). We agree with the administrative judge that removal was a reasonable penalty based on the sustained misconduct.

The appellant's remaining arguments do not warrant a different outcome.

¶25    The appellant asserts numerous additional alleged adjudicatory errors on review, but they are unavailing. For example, he contends that the administrative

---

[7] For purposes of our analysis, we credit the appellant's assertion that he received this sworn statement after the close of the record. PFR File, Tab 1 at 10.

judge should have rejected the agency's submissions because they were improperly paginated. PFR File, Tab 1 at 14-15; ID at 1 n.1. We discern no error with the administrative judge's decision in this regard. 5 C.F.R. § 1201.41(b). He further argues that the administrative judge erred by failing to sanction the agency for its not complying with his order granting the appellant's motion to compel. PFR File, Tab 1 at 3-4; IAF, Tabs 11, 14, 19. We deny this request because he has not shown that sanctions are necessary to serve the ends of justice, that the agency acted in bad faith, or that he was prejudiced by the agency action. *See Holsapple v. Office of Personnel Management*, 35 M.S.P.R. 558, 561 (1987) (finding that the administrative judge's failure to rule on the appellant's request for sanctions was not prejudicial to his substantive rights and denying the request for sanctions because the appellant did not show any harm suffered by the agency's delay and it did not appear that the agency exhibited negligence or bad faith); 5 C.F.R. § 1201.43.

¶26      We also have considered the appellant's contention that the removal action was in retaliation for his "[equal employment opportunity] filing in [September] 2012." PFR File, Tab 1 at 29. The appellant does not identify where in the record below he made this argument, nor could we find any reference to such an argument. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not made such a showing.

¶27      Finally, the appellant appears to make a number of arguments involving his earlier indefinite suspension, placement on administrative leave, testimony by the deciding official in the first removal action, and the agency's decision to suspend his security clearance. *E.g.*, PFR File, Tab 1 at 4-5, 18, 26-27. These arguments seem to be related to his prior removal and indefinite suspension appeals and/or to his two compliance matters. *Brown v. Department of Defense*, MSPB Docket

Nos. SF-0752-14-0310-I-1, SF-0752-13-0336-I-1, SF-0752-13-0336-C-2, SF-0752-13-0310-C-2. Because these arguments do not appear to be relevant to this removal action, we do not address them herein.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.