**Ernest RODRIGUEZ, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 01–3073.

United States Court of Appeals, Federal Circuit.

Sept. 6, 2001.

Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.

## DECISION

PER CURIAM.

Ernest Rodriguez appeals from the decision of the Merit Systems Protection Board sustaining his removal from his position in the Department of the Army ("the department"). *Rodriguez v. Dep't of the Army,* 87 M.S.P.R. 27, 28 (2000) ("*Rodriguez II* "). Because the Board did not err in sustaining the removal, we *affirm.*

## DISCUSSION

Mr. Rodriguez worked as an Aircraft Mechanical Parts Repairer at the time of his removal. *Rodriguez v. Dep't of the Army,* No. DA–0752–99–0510–I–1, slip op. at 1 (MSPB Dec. 14, 1999) ("*Rodriguez I*"). In his thirty-one years of service, he had had no prior disciplinary record. *Id.* at 5. Around the time of his removal, no complaints had been made concerning his job performance. *Id.*

However, Rodriguez apparently had alcohol problems, and, on March 15, 1999, Rodriguez and the department entered into a Firm Choice Agreement, according to which one positive breathalyzer test would be a sufficient ground for Rodriguez's removal. *Id.* at 2–3. As he later admitted, Rodriguez had "a couple beers" while doing laundry on the afternoon of Sunday, May 23, 1999, and "another couple of beers" the same evening while watching a sporting event on television. *Id.* at 3. Rodriguez stated that he had consumed no alcohol after approximately 9:30 P.M. that evening and no alcohol the next morning. *Id.* On the morning of Monday, May 24, 1999, Rodriguez did not appear intoxicated to his co-workers or supervisor, *id.* at 4, yet when Rodriguez was given breathalyzer tests at approximately 10:00 A.M., the results were positive, *id.* at 2. A first reading was 0.051, and a second reading taken fifteen minutes later was 0.043. *Id.* A reading at or above 0.020 is considered positive. *Id.* Rodriguez was then sent home for the remainder of the day. *Id.* at 3–4. He returned to work and assumed his regular duties the next day. *Id.* at 4.

As a result of the foregoing tests, the department removed Rodriguez, effective August 1, 1999, for violation of the Agreement. Rodriguez appealed. The Administrative Judge ("AJ") assigned to the case heard testimony from, *inter alia,* Rodriguez and Rodriguez's supervisor, Gilbert Lopez. Rodriguez stated that he had continued attending rehabilitation counseling since the May 24 positive breathalyzer tests and his removal. *Id.* at 7. Mr. Lopez described Rodriguez's work performance in very favorable terms and stated that he would like to have Rodriguez return to his position. *Id.* at 6–7. However, the AJ upheld the department's finding that Rodriguez violated the Firm Choice Agreement, but she mitigated the penalty from removal to suspension for 120 days. *Id.* at 7. As reasons for the mitigation, the AJ cited Rodriguez's long discipline-free tenure, his participation in rehabilitation, the fact that he returned to duty the day following the positive breathalyzer tests, and the testimony of Lopez. *Id.*

Both parties petitioned the full Board for review. The Board upheld the AJ's finding that Rodriguez violated the Firm Choice Agreement. *Rodriguez II* at 1–2. However, after considering the evidence, the Board reinstated Rodriguez's removal. *Id.* The Board stated that Lopez's "opinions are insufficient to overcome the agency's judgment concerning the seriousness of the misconduct and the appropriateness of the penalty." *Id.* at 5. The Board also noted that Rodriguez's return to duty after the tests "in no way diminishes the seriousness of [his] on-duty [blood] alcohol [level]." *Id.* The Board further noted that the Firm Choice Agreement gave Rodriguez clear notice that removal would result from a positive breathalyzer test. *Id.* at

5-6. Indeed, by signing the Agreement, Rodriguez stipulated that the penalty of removal and nothing less would follow any failed breathalyzer test. Finally, the Board stressed that the safety of others was dependent upon Rodriguez's work as a helicopter mechanic. *Id.* at 6.

Rodriguez timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

■ The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Jennings v. MSPB*, 59 F.3d 159, 160 (Fed.Cir.1995). In reviewing a penalty, we have consistently held that "[p]enalty decisions are judgment calls best left to the discretion of the employing agency," *Gonzales v. Def. Logistics Agency*, 772 F.2d 887, 889 (Fed.Cir.1985). Accordingly, "we will not disturb a penalty unless it exceeds the range of permissible punishment or is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.'" *Id.* (quoting *Villela v. Dep't of Air Force*, 727 F.2d 1574, 1576 (Fed.Cir.1984)).

On appeal, Rodriguez challenges the Board's factual finding that he violated the Firm Choice Agreement, arguing that the breathalyzer tests were inaccurate. He also challenges the appropriateness of removal as a penalty, arguing that (1) he was able to perform his duties, as evidenced by the fact that he returned to work the following day, and (2) the Board failed to demonstrate that similarly situated employees have been removed.

■ Neither the AJ nor the Board directly addressed Rodriguez's claim that the breathalyzer tests were inaccurate,

and it is not clear from the record that Rodriguez raised this issue below. *See Sanders v. U.S. Postal Service*, 801 F.2d 1328, 1331–32 (Fed.Cir.1986). However, even if properly raised, this argument is not a ground for reversal. The administrative judge heard testimony from the Breach Alcohol Technician who administered the tests to Rodriguez, as well as the Chief Executive Officer of the breathalyzer manufacturer. That testimony and the uncontroverted facts regarding Rodriguez's consumption of alcohol the night before the breathalyzer tests are substantial evidence supporting the Board's finding that Rodriguez violated the Firm Choice Agreement.

■ Having discerned no error in the finding that Rodriguez violated the Agreement, we turn next to the appropriateness of removal as a penalty. Neither of Rodriguez's arguments on this point is convincing, especially in light of our limited standard of review of penalty determinations. First, the fact that Rodriguez returned to work the day following his positive breathalyzer readings does not deprive the department of its right to enforce the Firm Choice Agreement. Indeed, returning Rodriguez to his position while awaiting final agency determination may show agency deliberateness that is appropriate before a removal decision is made. To the extent that his return to work is a relevant *Douglas* factor supporting Rodriguez's argument, *Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280, 305 (MSPB 1981), the Board considered countervailing factors, such as the clear notice provided by the Firm Choice Agreement and the safety risks flowing from Rodriguez's work, to carry more weight. The countervailing facts and the careful treatment given by the Board convince us that the Board did not abuse its discretion in affirming the department's removal of Rodriguez.

Secondly, the Board is not required to compare Rodriguez to similarly situated employees to sustain his removal. Although such a comparison is a relevant *Douglas* factor, *id.* at 305, the Board need not address every *Douglas* factor. *Kumferman v. Dep't of the Navy*, 785 F.2d 286 (Fed.Cir.1986). Furthermore, Rodriguez did not show that similarly situated employees were treated differently.

We therefore conclude that the Board did not err in reinstating the removal of Rodriguez. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.