**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KENNETH D. FERRIS,
             Appellant,

      v.

DEPARTMENT OF THE NAVY,
             Agency.

DOCKET NUMBER
DC-0752-14-0818-I-1

DATE: August 31, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James R. Theuer, Esquire, Norfolk, Virginia, for the appellant.

Barbara M. Dale, Esquire, Newport, Rhode Island, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency removed the appellant from his position as a GS-7 Supervisory Police Officer based on two specifications of Conduct Unbecoming a Supervisor. Initial Appeal File (IAF), Tab 11 at 16, 22-25, 48-51. The agency alleged that the results of an investigation revealed that, on two occasions, the appellant made inappropriate comments to a female Master-at-Arms. *Id.* at 55-93. In effecting the appellant's removal, the agency considered his suspension for 14 days during the previous year based on three incidents of Conduct Unbecoming a Supervisor. *Id.* at 23, 50, 97, 99-100, 102-09.

¶3 On appeal, the appellant denied making the remarks attributed to him, and argued that there was no nexus between the charged misconduct and the efficiency of the service and that removal was not a reasonable penalty. IAF, Tab 1, Tab 7 at 5. After convening the requested hearing, the administrative judge issued an initial decision affirming the agency's action. IAF, Tab 19, Initial Decision (ID) at 1, 11. He found that both specifications were sustained and that therefore the charge was sustained, ID at 2-8; that the agency's action promotes the efficiency of the service, ID at 8; and that removal was a reasonable penalty for the sustained charge, ID at 8-11.

¶4    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3, and he has replied thereto, PFR File, Tab 4.

¶5    Regarding the charged misconduct, the appellant argues that the agency punished him for "uncharged" conduct, specifically, sexual harassment. PFR File, Tab 1 at 11-12. In support of this claim, he contends that the agency's investigation was characterized as one of sexual harassment, *id.*, pointing to the investigator's description of the "allegations/issues" addressed in the investigation as "Behavior Unbecoming, Sexual Harassment," IAF, Tab 11 at 56; and his questions to the appellant about the agency's sexual harassment policy and training he had received, *id.* at 58, 71. Notwithstanding, after reviewing the report of investigation, the proposing official made a determination to charge the appellant with Conduct Unbecoming a Supervisor, and not sexual harassment. *Id.* at 48.[2] We therefore find that the appellant has not established error as to the charge.[3]

¶6    To prove a charge of conduct unbecoming, an agency is required to demonstrate that the employee engaged in the underlying conduct alleged in

---

[2] An agency is required to state the reasons for the proposed adverse action in sufficient detail to allow the affected employee to make an informed reply. *Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 202 (1997). An agency need not label its charge narrowly with "magic words" for the Board to sustain it, and instead, the charge must be viewed in the light of the accompanying specification and circumstances, and should not be technically construed. *Id.* at 202-03. Nevertheless, "what the agency calls the conduct makes a great deal of difference in proceedings before the Board." *Nazelrod v. Department of Justice*, 54 M.S.P.R. 461, 466 (1992), *aff'd sub nom.*, 43 F.3d 663 (Fed. Cir. 1994). When a charge is labeled, the label, and not something else, must be proven. *Id.* at 464-66. When the Board reviews an agency action, it does so on the basis of charges that were actually brought, not on the basis of charges that could have been brought. *Id.* at 466; *Rodriguez v. Department of Homeland Security*, 117 M.S.P.R. 191 ¶ 8 (2014).

[3] The appellant also argues that the deciding official imposed the penalty of removal, at least in part by considering that the appellant was guilty of sexual harassment. PFR File, Tab 1 at 11-12. We address that claim when we consider the appellant's challenge to the reasonableness of the penalty.

support of the broad label.  *Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 4 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013).  In considering the specifications, the administrative judge found that, because no other employees were present during the two conversations in question, it was necessary to examine the credibility of the complaining witness and the appellant and to apply the factors set forth by the Board in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor).  ID at 4.  In applying these factors, the administrative judge credited the testimony of the complaining witness over that of the appellant.

¶7        In the first specification, the agency charged that the appellant said to the complaining witness, "you're so young to tie yourself down, you should be out there having fun and at this age it's about the notches on your belt."  IAF, Tab 11 at 48.  In sustaining this specification, the administrative judge found, based on their testimony, that shortly after the complaining witness's interactions with the appellant, she made statements to three other employees and the Sexual Assault Prevention and Response Liaison that were consistent with her version of the events.  ID at 3-4.  The administrative judge further found that the complaining witness had no motive to fabricate the statements, that she had nothing to gain from making a report against the appellant and did so with some trepidation, and that her otherwise consistent recollection rendered her credible.  ID at 5.  On the

other hand, the administrative judge found that the appellant admitted saying that the witness and her boyfriend were too young to marry, but denied saying that "you should be out there having fun and at this age it's about the notches on your belt," ID at 4, although elsewhere in the initial decision, the administrative judge found that the appellant was unable to remember making that comment,[4] ID at 5. The administrative judge further found that the appellant had been previously disciplined for making inappropriate comments of a similar nature and so could be motivated to claim a lack of memory. *Id.*

¶8       In the second specification, the agency charged that the appellant said to the complaining witness, regarding her request for a day off, "oh well you could persuade me if you brought in a picture of yourself in Daisy Dukes and boots so you can get the day you want off." IAF, Tab 11 at 48. In sustaining this specification, the administrative judge considered the hearing testimony of the complaining witness, finding it consistent with that of the others to whom she related the remark shortly afterward. ID at 6. He also considered the appellant's testimony denying that he ever made such a statement, and the statement he provided to the investigator to the effect that he did not remember making that statement and that it was the complaining witness who brought up the subject of the Daisy Dukes and boots, offering to bring in a picture of herself wearing them, to which he replied "OK," although she never did so. ID at 7; IAF, Tab 11 at 70. The administrative judge found the appellant's statements inconsistent on the basis that his hearing testimony suggested or implied that there was never any discussion or expectation that the complaining witness would bring in a picture. ID at 8.

¶9       The appellant challenges these findings and argues on review that the Board need not defer to the administrative judge's credibility determinations because

---

[4] During his interview with the investigator, the appellant stated that he did not recall having made this statement. IAF, Tab 11 at 70. During the hearing, he denied making it.

they were not based on demeanor. PFR File, Tab 1 at 6. However, the Board must defer to an administrative judge's credibility determinations when they are based, implicitly or explicitly, on the observation of the demeanor of witnesses testifying at a hearing unless there are "sufficiently sound" reasons to overturn such determinations. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301-02 (Fed. Cir. 2002). The appellant has advanced no such reasons. Moreover, the administrative judge did make a demeanor-based credibility determination as to the complaining witness, finding that she testified in a straightforward manner with no hint of hesitation or uncertainty about her recollections. ID at 5-6. Based on the appellant's arguments on review, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge regarding both specifications of the charge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions).

¶10    The appellant disputes the administrative judge's finding that removal is a reasonable penalty. PFR File, Tab 1 at 7-12. After sustaining the charge, the administrative judge found it appropriate to defer to the agency's penalty, reasoning that removal does not exceed the range of allowable punishment specified by statute or regulation and is not an abuse of discretion, that the deciding official weighed the relevant factors,[5] and that his judgment did not clearly exceed the limits of reasonableness. ID at 9-11.

¶11    On review, the appellant contends that the deciding official's consideration of the *Douglas* factors was flawed.[6] PFR File, Tab 1 at 7. He argues that the

---

[5] These are the factors used to assess an appropriate penalty, set forth by the Board in *Douglas v. Veterans' Administration*, 5 M.S.P.R. 280, 305-06 (1981).

[6] The appellant alleges that the agency's investigation was biased because the assigned investigator had conducted the investigation into the allegations of the appellant's misconduct the year before, PFR File, Tab 1 at 8, and because the investigator's bias likely informed his decision not to interview other potential witnesses who might have

deciding official delegated the analysis of the *Douglas* factors to a subordinate. *Id.* at 9. The record reflects that a Labor and Employee Relations Specialist sent the deciding official a sample *Douglas* factors worksheet, IAF, Tab 7 at 46-51, and that he forwarded it to the proposing official with instructions for him to "provide what you are able," indicating that he would then sign off on it and forward it to the Labor and Employee Relations Specialist, *id.* at 46. The appellant asserts that the deciding official made no substantive changes to the worksheet he received from the proposing official and thus failed in his responsibility to consider the *Douglas* factors. Notwithstanding, the deciding official provided unrebutted testimony that he reviewed the document and edited it, and that it reflects his personal analysis. Hearing Compact Disc (HCD) (testimony of the deciding official). We therefore find that the appellant has failed to establish error in this regard.

¶12    Next, the appellant argues that, while the *Douglas* factors worksheet states that "the penalties are consistent with similar offenses," IAF, Tab 11 at 28, the deciding official testified on cross-examination that he had no knowledge of

_____

observed what transpired between the appellant and the complaining witness, *id.* at 9. Such a claim is cognizable as one of harmful procedural error in an agency's investigation of conduct underlying charges. *See Vakili v. Department of Agriculture*, 35 M.S.P.R. 534, 538 (1987). We find that the appellant has failed to support his assertions regarding other potential witnesses inasmuch as he told the investigator that he did not remember anyone else being present during his conversations with the complaining witness, IAF, Tab 11 at 71, and she said the same thing, *id.* at 68. Moreover, his allegation of bias is undermined by the administrative judge's findings. As noted, the administrative judge made independent credibility determinations regarding the appellant and the complaining witness based on their testimony at hearing and his review of the record as a whole, finding the complaining witness to be more credible. Further, the appellant had every opportunity to present adverse witnesses and to introduce evidence regarding his own credibility. After reviewing the evidence, the administrative judge nevertheless concluded that the appellant had engaged in the charged misconduct. Thus, the appellant has failed to establish that the agency's investigation of the charge was biased and constituted error. *See Valkili*, 35 M.S.P.R. at 539; *see also Baracco v. Department of Transportation*, 15 M.S.P.R. 112, 123 (1983), *aff'd sub nom. Adams v. Department of Transportation*, 735 F.2d 488 (Fed. Cir. 1984).

similar offenses committed by civilian personnel, HCD (testimony of the deciding official). Similarly, the appellant argues that, whereas the *Douglas* factors worksheet states that "the notoriety of this offense has directly impacted the reputation of the Department of the Navy (DON) and the command," IAF, Tab 11 at 28, the deciding official testified on cross-examination only that the appellant's misconduct affected the agency by reflecting on "how we treat individuals, junior and senior," and that "we need to maintain oversight," HCD (testimony of the deciding official). To the extent the appellant has pointed out minor inconsistencies in the administrative judge's consideration of these factors, we find that they do not provide a basis for review. It is well established that not all of the *Douglas* factors are pertinent in every case, and that deciding officials are charged to responsibly balance the relevant factors. *Douglas*, 5 M.S.P.R. at 306.

¶13    The Board has held that the most important factor in assessing whether the agency's chosen penalty is within the tolerable bounds of reasonableness is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities. *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010). Here, the agency considered the appellant's offense to be extremely serious and one that cannot be tolerated in the workplace. IAF, Tab 11 at 27. The administrative judge noted the deciding official considered that the appellant was disciplined for similar misconduct during the previous year,[7] *see Zwagil v.*

---

[7] The appellant alleges that the deciding official also considered a May 28, 2003 Letter of Reprimand he received for inappropriate conduct because it is mentioned in the *Douglas* factors worksheet, but not in the notice of proposed removal. PFR File, Tab 1 at 10; IAF, Tab 11 at 28. Arguably, the appellant may be claiming that the deciding official relied on this ex parte information in his decision to remove the appellant, thereby committing a due process violation. *See Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). Although the appellant is represented by counsel, he did not specifically raise this claim below. IAF, Tabs 1, 7-8. In any event, when questioned on direct examination, the deciding official testified that, because he did not know what it was about and because it occurred at a different installation, he did not consider the 2003 incident, HCD (testimony of the deciding official), and nothing in the decision letter suggests otherwise, IAF, Tab 11 at 22-23. We find therefore that, to

*General Services Administration*, [103 M.S.P.R. 63](#), ¶ 9 (2006), *aff'd*, 227 F. App'x 923 (Fed. Cir. 2007), expressing his concern that such behavior suggested a trend, and that, as a supervisory law enforcement officer, the appellant has a direct impact on his subordinates and must provide guidance and set a professional example, ID at 10; *see Luongo v. Department of Justice*, [95 M.S.P.R. 643](#), ¶ 13 (2004), *aff'd*, 123 F. App'x 405 (Fed. Cir. 2005).

¶14      The appellant argues on review that the deciding official failed to inquire of his supervisors about his performance before issuing the decision to remove him. PFR File, Tab 1 at 10.  The record reflects that the deciding official did consider that the appellant had 24 years of Federal service with acceptable performance. IAF, Tab 11 at 28.  In any event, even if the appellant's supervisors had indicated that they were satisfied with his job performance, a supervisor's opinions are insufficient to overcome the agency's judgment concerning the seriousness of the misconduct and the appropriateness of the agency-imposed penalty.  *Edwards v. Department of the Army*, [87 M.S.P.R. 27](#), 30, ¶ 9 (2000), *aff'd sub nom. Rodriquez v. Department of the Army*, 25 F. App'x 848 (Fed. Cir. 2001).

¶15      Finally, citing the Board's decision in *Dubiel v. U.S. Postal Service*, [54 M.S.P.R. 428](#), 431-32 (1992), the appellant argues that the deciding official erred in his penalty determination by considering the charged misconduct to be sexual harassment.  PFR File, Tab 1 at 11-12.  In support, the appellant points to the *Douglas* factors analysis wherein the deciding official referred to the offense as "Conduct unbecoming a supervisor (Sexual Harassment Related)," IAF, Tab 11 at 27, and his testimony to the effect that he sensed the appellant viewed sexual

---

the extent the appellant is arguing that the agency committed a due process violation, he has not established his claim.  *See Silberman v. Department of Labor*, [116 M.S.P.R. 501](#), ¶ 12 (2011); *cf. Howard v. Department of the Air Force*, [118 M.S.P.R. 106](#), ¶ 6 (2012) (where the deciding official admitted that the ex parte information influenced his penalty determination, the information in question was clearly material).  And, because we have found that the deciding official did not consider the 2003 Letter of Reprimand, we further find its inclusion on the *Douglas* factors worksheet did not amount to procedural error.

harassment training as a "nuisance" and that, based on his previous 14-day suspension for similar misconduct, it seemed that "he [the appellant] didn't get it," HCD (testimony of the deciding official). The appellant's reliance on *Dubiel* is misplaced. There, the agency demoted the appellant on a charge that he violated its code of ethical conduct by improperly addressing a subordinate employee as "sweet thing" on more than one occasion. *Dubiel*, 54 M.S.P.R. at 430. In finding that the deciding official improperly considered alleged conduct by the appellant that he was not charged with in the notice of proposed demotion, the Board noted that the charge arose out of an investigation of a sexual harassment complaint filed by the subordinate employee, and that the decision letter revealed that, in determining an appropriate penalty, the deciding official was clearly influenced by, and considered, the employee's characterization of the appellant's conduct as sexual harassment. *Id.* at 431. The Board found that the deciding official should not have considered whether the subordinate employee felt the appellant's conduct constituted sexual harassment since the agency did not charge him with that misconduct. *Id.* at 432. In the instant case, the charge did not arise from the complaining witness's filing of a sexual harassment complaint against the appellant and there is no indication that she believed that she was the victim of sexual harassment. Nor is there anything in the decision letter or in the deciding official's testimony to suggest that, in determining the appropriate penalty, he considered the appellant's conduct as sexual harassment. IAF, Tab 11 at 22-25; HCD (testimony of the deciding official). In fact, he testified that he considered that the agency's table of penalties provides for a penalty ranging from a 5-day suspension to a removal for a second offense of "disrespectful conduct," IAF, Tab 11 at 56, and that he did not consider the charge as one of sexual harassment, HCD (testimony of the deciding official). We therefore find that the appellant has failed to establish his claim of error in this regard. Accordingly, the initial decision is AFFIRMED.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.