# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT KEATING,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-18-0767-I-1 |
| 　　　v. | |
| DEPARTMENT OF AGRICULTURE,<br>　　　　　　Agency. | DATE: May 8, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robert Keating</u>, Cary, North Carolina, pro se.

<u>Gretchen McMullen</u>, Esquire, Mount Rainier, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's mitigating factor analysis, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a GS-13 Investigator with the agency's Internal Controls Staff (ICS), Office of the Administrator, Food Safety and Inspection Service (FSIS) in Raleigh, North Carolina. Initial Appeal File (IAF), Tab 6 at 15. In April 2018, contractors in the Office of the Chief Information Officer (OCIO), the agency's information technology unit, flagged the appellant's computer activity for further investigation and agency management referred the matter to ICS. IAF, Tab 6 at 83-92, Tab 7 at 4-7. In May 2018, an ICS investigator performed a forensic analysis of the appellant's FSIS computer, which revealed that he had viewed, accessed, and downloaded pornographic or sexually explicit content since April 2016, a period of 2 years. IAF, Tab 7 at 9-21.

Shortly thereafter, the agency proposed the appellant's removal based on the charge of misuse of Government-owned equipment, supported by three specifications that described the stated conduct. IAF, Tab 6 at 73-79. After considering the appellant's oral and written responses, in which he admitted viewing images of adult women, *id*. at 22-72, the agency removed the appellant from his position, effective July 20, 2018, *id*. at 15-21.

The appellant filed an appeal challenging his removal and raised a claim of reprisal for whistleblowing disclosures. IAF, Tab 1. In the order and summary of the parties' telephonic prehearing conference, the administrative judge stated that the parties stipulated to numerous facts, the appellant admitted to engaging in the charged misconduct, he withdrew his claim of reprisal for whistleblowing, and he did not raise any other affirmative defenses. IAF, Tab 26 at 5-8, Tab 33 at 2. The administrative judge further stated that the scope of the appeal was limited to nexus and the reasonableness of the penalty. IAF, Tab 33 at 2.

After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 37, Hearing Compact Disc (HCD), Tab 38, Initial Decision (ID) at 1-2, 10. She found that the agency proved the charge by preponderant evidence, that the removal was taken for such cause as promotes the efficiency of the service, and that the penalty was within the tolerable bounds of reasonableness. ID at 2-10.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant does not challenge the administrative judge's finding that the agency proved the charged misconduct, ID at 3, and we affirm her finding herein. Instead, the appellant argues that the agency did not prove nexus or the reasonableness of the penalty. PFR File, Tab 1 at 4-5, 8-22. He also argues that the administrative judge abused her discretion when she denied his motion to compel, excluded the testimony of a witness to refute the deciding official's credibility, and disallowed the admission of additional evidence relating to the deciding official's assessment of the penalty. *Id*. at 4-8. For the reasons set forth below, we find that the appellant's arguments on review do not warrant a different outcome.

We affirm the administrative judge's finding that the removal was taken for such cause as promotes the efficiency of the service.

The appellant challenges the administrative judge's nexus determination because there was no "evidence of damage to any equipment, or malfeasance or intent to do harm." PFR File, Tab 1 at 10; ID at 3-4. The appellant misstates the nexus requirement. The nexus requirement, for purposes of whether an agency has shown that its action promotes the efficiency of the service, means there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish his or her duties satisfactorily or some other legitimate government interest. *Scheffler v. Department of Army*, 117 M.S.P.R. 499, ¶ 9 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013).

Here, the appellant's misconduct occurred at work while he was on duty and involved misuse of Government equipment. There is sufficient nexus between an employee's conduct and the efficiency of the service when the conduct occurs at work. *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987); *Miles v. Department of the Navy*, 102 M.S.P.R. 316, ¶ 11 (2006). Moreover, the Board has held that a nexus between the efficiency of the service and the charge of misuse of Government equipment exists. *Els v. Department of the Army*, 82 M.S.P.R. 27, ¶ 11 (1999); *Sternberg v. Department of Defense*, 52 M.S.P.R. 547, 559 (1992). Given the sustained misconduct, we agree with the administrative judge that the agency proved nexus in this case. ID at 3-4.

We supplement the administrative judge's penalty analysis, still finding that the penalty of removal was within the tolerable bounds of reasonableness.

When, as here, the Board sustains an agency's charge, it will defer to the agency's penalty determination unless the penalty exceeds the range of allowable punishment specified by statute or regulation, or unless the penalty is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶ 5 (2016)

(quoting *Parker*, 819 F.2d at 1116). Mitigation of an agency-imposed penalty is appropriate only when the agency failed to weigh the relevant factors or when the agency's judgment clearly exceeded the limits of reasonableness. *Id*. The deciding official need not show that she considered all the mitigating factors, and the Board will independently weigh the relevant factors only if the deciding official failed to demonstrate that she considered any specific, relevant mitigating factors before deciding on a penalty. *Id*. For the reasons set forth below, we find that the appellant's arguments on review do not provide a basis for disturbing the agency's penalty determination.

The appellant challenges the administrative judge's analysis of nearly all the penalty factors and requests that the penalty of removal be mitigated to a suspension. PFR File, Tab 1; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 factors that are relevant for consideration in assessing the reasonableness of an agency-imposed penalty). Among the relevant *Douglas* factors are: (1) the nature and seriousness of the offense; (2) the employee's job level and type of employment; (3) the employee's past disciplinary record; (4) the employee's past work record; (5) the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon his supervisors' confidence in the employee's ability to perform assigned duties; (6) the consistency of the penalty imposed with those imposed upon other employees for the same or similar misconduct; (7) the consistency of the penalty with any applicable agency table of penalties; (8) the notoriety of the offense or its impact on the agency's reputation; (9) the clarity with which the employee was on notice of any rules that were violated in committing the offense;[2] (10) the potential for the employee's

---

[2] The deciding official noted in the notice of removal that there was no notoriety surrounding the offense and the appellant had notice of agency policies concerning appropriate conduct. IAF, Tab 6 at 18. The appellant on review appears to challenge the deciding official's extraneous statements regarding her consideration of the notoriety of the offense. PFR File, Tab 1 at 15. However, because the deciding official properly acknowledged that there was no notoriety and the appellant does not challenge

rehabilitation; (11) mitigating circumstances surrounding the offense; and (12) the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the appellant and others. *Douglas*, 5 M.S.P.R. at 305-06. The record reflects that the deciding official considered these factors in making her decision to remove the appellant from his position. HCD (testimony of the deciding official); IAF, Tab 6 at 16-19.

The appellant asserts that the deciding official attributed adverse weight to his admission in her consideration of the first *Douglas* factor. PFR File, Tab 1 at 10. Regarding the second and fifth *Douglas* factors, he disagrees with the deciding official's statements that he investigated the specific conduct with which he was charged as he was never assigned any pornography cases, and that his supervisors lost confidence in his ability to perform his duties. *Id*. at 11-13.

In assessing the appropriateness of the agency's penalty selection, the most important factor is the first factor, the nature and seriousness of the offense and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated. *Batara*, 123 M.S.P.R. 278, ¶ 8; *Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 7 (2013). Here, the deciding official observed that the appellant engaged in "willful" and "egregious" misconduct that caused the agency to lose trust in his ability to effectively perform the duties of his position, especially considering the length of time over which it repeatedly occurred and the fact that his offense was antithetical to the purpose of his position, which involved investigating allegations of employee misconduct. ID at 5-6; IAF, Tab 6 at 16-18. We agree with the administrative judge that the deciding official properly accorded substantial weight to the first, second, and fifth *Douglas* factors. IAF, Tab 6 at 16-18; HCD (testimony of the deciding official); *see Edwards v. Department of the Army*, 87 M.S.P.R. 27, 30, ¶ 9 (2000) (stating that a supervisor's opinions are

---

the deciding official's determination that he was on notice of any rules that were violated in committing the offense, we need not analyze the eighth and ninth factors further.

insufficient to overcome the agency's judgment concerning the seriousness of the misconduct and the appropriateness of the agency-imposed penalty), *aff'd sub nom. Rodriquez v. Department of the Army*, 25 Fed. Appx. 848 (Fed. Cir. 2001).

Regarding the sixth and seventh *Douglas* factors, the appellant asserts that the penalty was neither consistent with those imposed upon other employees for the same or similar misconduct, nor consistent with the agency's table of penalties. PFR File, Tab 1 at 7-9, 13-15. In particular, he claims that the deciding official relied on "false and misleading information" in the notice of proposed removal because she did not consider the broad range of penalties for a first offense of misuse of Government equipment in the agency's table of penalties or a broad range of comparators throughout the agency (USDA), not just the largest sub-agency (FSIS). *Id*. at 8-9.

The record reflects that the deciding official considered the sixth and seventh *Douglas* factors. IAF, Tab 6 at 18. Removal was within the range of penalties for a first offense of misuse of Government equipment. IAF, Tab 10 at 26; *see Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18 (finding that an agency's decision to impose a penalty at the more lenient end of a range of penalties should not mean that it cannot impose a penalty at the more severe end of that range in another case).

Regarding the appellant's claim that the agency treated him more harshly than other similarly-situated employees, the Board has recently clarified that the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently.[3] *Singh*, 2022 MSPB 15, ¶ 14. The fact that two

---

[3] The appellant asserts that the administrative judge improperly denied his motion to compel discovery of comparator evidence. PFR File, Tab 1 at 5, 7-8. He clarifies that he sought discovery regarding potential comparator employees throughout the agency (USDA), not just the largest subagency (FSIS). *Id*. at 7-8. The agency noted that it had already provided the three comparator cases that the deciding official had considered in making her decision, and that the appellant had misused his position as an Investigator to obtain three different comparator cases upon which the deciding official did not rely. *Id*. at 5-7 (citing IAF, Tab 10 at 27). The administrative judge denied the appellant's motion to compel for the reasons provided by the agency. IAF, Tab 19. An

employees come from different work units and/or supervisory chains remains an important factor in determining whether it is appropriate to compare the penalties they are given. *Id.*, ¶ 13. In most cases, employees from another work unit or supervisory chain will not be proper comparators. *Id.* The universe of potential comparators will vary from case to case, but it should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant. *Id.*

We find that the appellant has failed to establish that the agency knowingly and unjustifiably treated any employees differently, as required under *Singh*. The standard set forth in *Douglas* calls for comparison with penalties "imposed upon other employees for the same or similar offenses." *Id.*, ¶ 17 (citing *Douglas*, 5 M.S.P.R. at 305). The administrative judge noted that the deciding official considered three comparator cases, and she determined that the deciding official credibly testified that the facts and circumstances surrounding the three comparator employees was dissimilar enough to justify treating the appellant differently. ID at 6-9. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find that the appellant has not presented sufficiently sound reasons for overturning the administrative judge's well-reasoned credibility determinations.

Although the appellant maintains that he is not raising K.B. as a potential comparator employee, he indicates that K.B. was an "identically situated"

administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 16 (2016). We find that the appellant has not established that the administrative judge abused her discretion when she denied the appellant's motion to compel.

coworker who received lesser discipline.[4]  PFR File, Tab 1 at 6.  The record reflects that K.B. held the same job title and was in the same work unit as the appellant; however, by the appellant's own admission, she did not commit the same or similar offense.  PFR File, Tab 1 at 13-14.  Rather, she was suspended for 14 days for failure to follow instructions and time and attendance related offenses.  *Id*.  Given the circumstances, K.B. was not a similarly situated employee.

The appellant asserts that the third, fourth, and tenth *Douglas* factors weigh in his favor.  He points to his expression of remorse, length of service (3 years civilian and 34 years military), lack of prior discipline, positive performance appraisals, letters of support from colleagues, and his participation in a rehabilitative program.  PFR File, Tab 1 at 8, 10-12, 15-16.  Regarding the eleventh *Douglas* factor, the mitigating circumstances surrounding the offense, the appellant argues that the deciding official did not fully consider his evidence as to his mental impairments and its effects on his actions.  *Id*. at 16-17.

The appellant's disagreement with the weight given to those factors does not provide a basis to change the outcome.  *See Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 25 (2013).  As the administrative judge stated, the deciding official considered the third and fourth *Douglas* factors, his

---

[4] The appellant asserts that the administrative judge improperly denied his request to call K.B. as a witness "to refute the credibility of the deciding official[]."  PFR File, Tab 1 at 4, 6.  He notes that he sought the inclusion of the testimony of K.B., not as a potential comparator employee, but as a challenge to the testimony of the deciding official that "whenever a misconduct investigator engaged in serious misconduct, the only option for the [a]gency was removal and the employee had no prospect for rehabilitation."  *Id*. at 6.  An administrative judge has wide discretion to control the proceedings, including the authority to exclude evidence she believes would be irrelevant, immaterial, or unduly repetitious.  *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010).  The Board has held that, to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed.  *Id*.  Here, the appellant has neither shown that the testimony of K.B. could have affected the outcome of his appeal nor provided sufficiently sound reasons to overturn the administrative judge's determination that the deciding official's testimony was credible.  *See Haebe*, 288 F.3d at 1301.

past disciplinary and work record, as mitigating factors but concluded that they were not significant enough to outweigh the nature and seriousness of the sustained misconduct. ID at 6, 9-10; IAF, Tab 6 at 17-19; HCD (testimony of the deciding official). The administrative judge observed that the appellant appeared sincerely remorseful for his conduct and that he provided medical evidence that he suffered from depression, but noted that the deciding official did not grant this evidence much weight because it did not excuse his misconduct. ID at 6, 9. Because neither the administrative judge nor the deciding official fully addressed the appellant's claim of mental impairments as a mitigating factor, we modify the initial decision to supplement the administrative judge's analysis.

The record reflects that the appellant began counseling through the Employee Assistance Program (EAP) shortly after he learned that the agency would propose his removal. IAF, Tab 3 at 180. He continued counseling with a psychiatrist who diagnosed him with Adjustment Disorder with Mixed Emotional Features; Major Depression; Complicated Grief Disorder, and Mixed Personality Disorder; with Self Destructive Tendencies with Obsessive Compulsive and Addictive Behavior. *Id*. at 186. The appellant asserted that he submitted this evidence to the deciding official, but she did not consider it as a mitigating factor, seek additional information, refute his medical evidence, or order him to take a fitness for duty exam.[5] PFR File, Tab 1 at 16-17.

Evidence that an employee's medical condition or mental impairment played a part in the charged conduct is ordinarily entitled to considerable weight as a mitigating factor. *Malloy v. U.S. Postal Service*, 578 F.3d 1351, 1357 (Fed. Cir. 2009); *Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 13 (2015); *Roseman v. Department of the Treasury*, 76 M.S.P.R. 334, 345 (1997). In circumstances where a medical condition or mental impairment is reasonably substantiated and shown to be related to the grounds for removal,

_____

[5] Under these circumstances, the agency is not required to refute his medical evidence or order him to take a fitness for duty exam.

it must be considered in the penalty analysis. *Malloy*, 578 F.3d at 1356. The Board will not consider a medical or mental impairment to be a significant mitigating factor in the absence of evidence that the impairment can be remedied or controlled, i.e., when the potential for rehabilitation is poor. *Mingledough v. Department of Veterans Affairs*, 88 M.S.P.R. 452, ¶ 12 (2001), *review dismissed*, 35 F. App'x 873 (Fed. Cir. 2002).

In his response to the proposed removal, the appellant submitted a June 5, 2018 report from his EAP counselor and a June 14, 2018 report from his psychiatrist suggesting that he suffered from depression, among other conditions, during the period of the misconduct.[6] IAF, Tab 3 at 180-87. The June 5, 2018 report shows that the appellant sought counseling through EAP in order to address and/or treat his depression following the proposed removal; however, it was short-term and does not provide much in the way of significant analysis. *Id*. at 180. In contrast, the June 14, 2018 report provides a substantive discussion of the appellant's mental impairment, and thus, it is the main subject of our review. *Id*. at 181-87.

The psychiatrist stated that he conducted a clinical and diagnostic evaluation of the appellant. *Id*. at 182. He concluded that the appellant "was suffering from mental health issues when [the misconduct] occurred that were somewhat known, but only partially and ineffectively treated." *Id*. at 181. He explained that the appellant's depression "manifested . . . in aberrant behavior that involved using pornography to 'act out' guilt and shame associated with a rigid religious view," and it was exacerbated by recurrent deployments in his military career, a chaotic and isolated childhood, and a marriage that lacked physical and emotional intimacy. *Id*. at 182. The psychiatrist indicated that the appellant's "own morality led him to reject acting out in the marriage or viewing

---

[6] The appellant also provided documentation showing that, in December 2014, the Veterans Benefit Administration determined that he had a service-connected disability, 50% of which was attributed to "generalized anxiety disorder, with major depressive disorder." IAF, Tab 3 at 188-95.

[pornography] on his home or private computer" and that viewing pornography on his office computer allowed him to "remain committed to his marriage and home, while seeking the sort of punishment for his conduct which would be exposed." *Id*. at 184. He described the appellant's behavior as akin to that of an addict and suggested that the appellant was caught in a "shame cycle" and that he did not have the ability to "self-regulate" his behavior. *Id*. at 185. He expressed a concern that the agency "appeared to have been aware of the misconduct for some time[] but took no action" and, in doing so, entrapped the appellant. *Id*. He opined that the appellant is a "prime candidate for retention and rehabilitation" and that "[g]iven adequate medical treatment, use of support groups, and employee assistance, [he] is not likely to reengage in the destructive behavior." *Id*. at 186.

We have thoroughly reviewed the psychiatrist's report and we are not persuaded that his conclusions in the report warrant a different outcome. We note that the treating psychiatrist appeared to place the lion's share of the responsibility for the appellant's actions on the employer, both in terms of deterrence and rehabilitation. He indicated that the appellant has the potential for rehabilitation, but his description of the appellant as an individual whose addiction was quite severe in nature suggests that the appellant may relapse and repeat such behavior when he needs an outlet for his suppressed emotions. In fact, although the appellant denied that he had an addiction, he also indicated that he had difficulty curing his compulsion to view pornography and sexually explicit material. HCD (testimony of the appellant). That the appellant was depressed as a result of a number of personal stressors and engaged in "self-destructive" behavior arising from his feelings of guilt and shame does not adequately connect his mental impairments to his misconduct such that his impairments are entitled to considerable weight as a mitigating factor.

We have considered the appellant's assertion that the psychiatrist's report shows that his misconduct was due to "a loss of behavioral self-control caused by

inadequate medication to treat [his] medical disability." PFR File, Tab 1 at 9; HCD (testimony of the appellant). According to the psychiatrist, the appellant recognized that his behavior was inappropriate, and he made an apparently deliberate decision to view pornographic and sexually explicit content on his Government computer but not his personal computer. The fact that he could control this impulse at home but not at the workplace suggests that he had some self-control. The psychiatrist questioned the efficacy of the appellant's medication regimen, particularly given side effects impacting libido and impulsivity, but he did not clearly explain the impact of these medications on the appellant as it relates to his apparent pornography addiction. IAF, Tab 3 at 182.

The administrative judge noted in the initial decision that the appellant provided evidence demonstrating that he was taking medications and that he sought behavioral health counseling. ID at 7; IAF, Tab 36 at 1-7. The administrative judge further noted that she empathized with the appellant's medical conditions and efforts to seek treatment, but she held that the agency properly considered the relevant *Douglas* factors. ID at 9-10. Based on our review of the record, we find that the appellant's conditions existed at the time of the misconduct and are entitled to some weight as a mitigating factor. However, the appellant has offered no persuasive evidence that his conditions have been remedied or controlled, i.e., that his potential for rehabilitation is strong.

On review, the appellant argues that the deciding official misunderstood and misapplied the tenth *Douglas* factor, the potential for rehabilitation. PFR File, Tab 1 at 15-16. The record reflects that the deciding official considered but did not accord much weight to this factor. IAF, Tab 6 at 18; HCD (testimony of the deciding official). As the administrative judge stated, the appellant's "mere participation in a rehabilitative program cannot preclude an agency from instituting disciplinary action in every case in which an employee has sought and received assistance" because it would impermissibly undermine "the agency's primary discretion in exercising its managerial obligation to maintain employee

discipline and efficiency." ID at 9. Even a good prognosis or a favorable "forward-looking analysis" for an appellant's future behavior, as stated in the psychiatrist's report, does not outweigh the agency's legitimate apprehension as to his ability to perform his duties, and the effect of his proven misconduct on the efficiency of the service.[7] *Quander v. Department of Justice*, 22 M.S.P.R. 419, 422 (1984), *aff'd*, 770 F.2d 180 (Fed. Cir. 1985) (Table).

Regarding the twelfth *Douglas* factor, the adequacy and effectiveness of alternative sanctions, the appellant argues that the deciding official did not consider this factor. PFR File, Tab 1 at 4-5, 17-18. He asserts that his case is analogous to *Toth v. U.S. Postal Service*, 76 M.S.P.R. 36 (1997), in which the Board held that the agency's failure to consider a lesser penalty and other relevant *Douglas* factors supported mitigation of the removal to a 30-day suspension. *Id.* at 17. The record reflects that the deciding official considered the twelfth *Douglas* factor in making her decision. IAF, Tab 6 at 19; HCD (testimony of the deciding official). She testified that no penalty other than removal would have been appropriate because the appellant was expected to have a reputation of integrity and she did not trust the appellant to satisfactorily perform his duty of independently investigating allegations of employee misconduct after he committed the offense at issue. HCD (testimony of the deciding official). She later clarified that imposing an alternate sanction such as a suspension would not have been effective, and she believed that the appellant's removal was in the best interest of the agency. *Id*. In contrast to

---

[7] The appellant also argues that the agency's purported awareness of his misconduct for more than 1 year undermines the deciding official's testimony that his misconduct was "egregious." PFR File, Tab 1 at 7, 18. In making such an assertion, the appellant appears to be avoiding responsibility for his actions. We find that the appellant's attempt to minimize his own misconduct weighs against a finding of rehabilitative potential. Even assuming his assertion regarding the agency's purported awareness of his misconduct is true, it defies credulity that any employee would think it appropriate to view pornographic or sexually explicit materials on work equipment and on work time. *Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 16 n.5 (2014). Thus, the appellant's arguments do not change our analysis of the factors relating to the nature and seriousness of the offense or his potential for rehabilitation.

*Toth*, 76 M.S.P.R. at 39, in which the agency did not show that it substantively considered a lesser penalty, the deciding official testified unequivocally that she considered all *Douglas* factors, and she concluded that no alternative sanction was appropriate. HCD (testimony of the deciding official).

Based on the record evidence, we conclude that a different outcome is not warranted. We supplement the initial decision to find that the nature, seriousness, extended duration, and repeated occurrence of the offense, particularly given the appellant's position and job duties, outweigh the mitigating factors, including, but not limited to, his mental impairments, length of Federal and military service, and lack of prior discipline. Accordingly, we affirm the removal penalty for the sustained misconduct. *See Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 14 (2008) (noting that the Board has held that the penalty of removal was reasonable for misuse of government equipment arising from an appellant's personal use of a government computer, particularly when he used the computer to view material of a sexually explicit nature).

The appellant's remaining claims provide no basis to disturb the initial decision.

The appellant asserts that the administrative judge improperly disallowed the admission of additional evidence relating to the deciding official's penalty determination. PFR File, Tab 1 at 4, 6-7. The evidence that the appellant identifies as erroneously excluded is the OCIO policy, which states that individuals who violate the office's restrictions on computer use are banned from telework. *Id*. at 6-7. He interprets this policy as supportive of his position that removal is not mandatory for individuals who view restricted websites on Government computers. *Id*. at 7. The appellant has not shown that the inclusion of the OCIO policy into the record would have led the administrative judge to reach a different conclusion regarding the reasonableness of the penalty. Thus, the appellant has not established that the administrative judge abused her discretion when she disallowed the admission of this additional evidence. *See Sanders*, 114 M.S.P.R. 487, ¶ 10.

Finally, we have considered the appellant's assertions that the deciding official improperly sent a proxy when he presented his oral response to the proposed removal, she did not seek any additional review of the evidence that she was provided by the proposing official, and she did not consult with any other person in making her decision. PFR File, Tab 1 at 18-19. The appellant does not state that the deciding official was required to attend the oral response in person or to seek assistance from other individuals. Moreover, there is no indication in the record that the deciding official failed to consider any relevant evidence in determining that removal was a reasonable penalty. HCD (testimony of the deciding official). Thus, these arguments are not persuasive.

Accordingly, we affirm the agency's removal action.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                     _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.